# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DEBRA DAME, AS WIFE AND**
**PERSONAL REPRESENTATIVE OF THE**
**ESTATE OF RICHARD F. DAME,**

   **Plaintiff,**

-vs-              **Case No. 6:08-cv-1896-Orl-28GJK**

**PRUDENTIAL INSURANCE COMPANIES**
**OF AMERICA,**

   **Defendant.**

_____

# ORDER

Debra Dame ("Ms. Dame") initiated this action on July 11, 2008 by filing a Petition for Declaratory Relief (Doc. 2) in state court. Defendant, Prudential Insurance Company of America ("Prudential"), removed the case to this Court on November 10, 2008, (Doc. 1), invoking this Court's jurisdiction based on the parties' diverse citizenship. Arguing that the removal was untimely, Ms. Dame has filed a Motion to Remand and Request for Fees. (Doc. 9). Prudential has filed a Response. (Doc. 10).

Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other

paper from which it may first be ascertained that the case is one which is or has become removable." Id.

Prudential was served with the Complaint on July 30, 2008 but did not file its Notice of Removal until November 10, 2008. Prudential explains in its Notice of Removal that the action was not initially removable because the state-court petition did not indicate Ms. Dame's state of citizenship—it stated only that she was a "resident" of Florida. Ms. Dame argues, however, that Prudential knew from papers in its possession that she is a citizen of Florida and that therefore the November 10 removal was untimely.

In its response to the Motion to Remand, Prudential notes that two weeks after it was served, its counsel asked Ms. Dame's counsel to confirm that Ms. Dame is a citizen of Florida. Ms. Dame's counsel did not respond to that question even though he communicated with Prudential's counsel about other matters in the case the next day. (See Exs. A & B to Doc. 10). Prudential then propounded a Request for Admissions seeking confirmation of Ms. Dame's citizenship. (Ex. C to Doc. 10). Ms. Dame responded on October 13, 2008 by admitting that she is a Florida citizen. (Ex. D to Doc. 10). Prudential filed its Notice of Removal on November 10, 2008—within thirty days of October 13.

"Although 'citizenship' and 'residence' may be interchangeable terms in common parlance, for diversity jurisdiction purposes, the existence of citizenship cannot be inferred from allegations of residence alone." Johnson v. Nutrex Research, Inc., 429 F. Supp. 2d 723, 725 (D. Md. 2006) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989)). The Johnson court held that the removing defendant failed to meet its burden of establishing the existence of diversity jurisdiction when its notice of removal alleged only

residence rather than citizenship. Id. at 726; see also Hohn v. Volkswagen of Am., Inc., 837 F. Supp. 943, 944 (C.D. Ill. 1993) (finding that notice of removal was defective where it alleged only the parties' state of residence rather than state of citizenship). Thus, Prudential could not file a notice of removal that included only an allegation of residence; it needed to allege citizenship.

Plaintiff relies heavily on Bankston v. Illinois National Insurance Co., 443 F. Supp. 2d 1380, 1381 (M.D. Fla. 2006), wherein the court stated that "a plaintiff's mere failure to allege the parties' citizenship in the initial complaint does not prevent commencement of the thirty days for removal." However, the court also noted that "[w]here the initial pleading is indeterminate as to the parties' citizenship, the burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion." Id. (quoting Stokes v. Victory Carriers, Inc., 577 F. Supp. 9, 11 (E.D. Pa. 1983) (internal quotation omitted)). The Bankston court found that the defendant "fail[ed] to conduct a diligent investigation into th[e] action's removability" and that "[a] reasonable inquiry by the defendant would have revealed the diversity of citizenship between the parties." Id. at 1382.

Unlike the defendant in Bankston, in the instant case Prudential did "conduct a diligent investigation" into removability. Two weeks after being served, Prudential asked Ms. Dame's counsel to confirm Ms. Dame's citizenship, but counsel did not provide that confirmation until two months later. While Prudential may well have suspected that Plaintiff was a Florida citizen based on papers in its possession and on Ms. Dame's statements regarding her "residence" in the state-court petition, Prudential did not have confirmation of citizenship until Plaintiff provided it in October 2008. Under these circumstances, the Court cannot find that

Prudential's notice of removal was untimely. Therefore, the Motion to Remand and Request for Fees (Doc. 9) filed by Plaintiff is **DENIED in all respects**.

**DONE** and **ORDERED** in Orlando, Florida this 30th day of January, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party